United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-30229
Summary Calendar

KEVIN CHAUVIN,

Plaintiff-Appellant,

versus

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant-Appellee.

**Appeal from the United States District Court
for the Eastern District of Louisiana
(01-CV-157-C)**

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Kevin Chauvin appeals the summary judgment awarded UNUM Life Insurance Company against his claim that UNUM, as plan administrator, abused its discretion in denying his claim for partial disability benefits. Chauvin contends UNUM failed in its duty to disclose steps necessary to preserve his right to obtain those benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

UNUM issued a group long term disability policy pursuant to a group insurance trust in which Venture Transport, Inc. (Venture), was a participating employer. As a Venture employee, Chauvin was provided a booklet describing plan benefits available to him.

Chauvin alleged he became disabled on the job on 14 October 1996. UNUM approved his claim for long term disability benefits on 3 June 1997. Chauvin's policy's definition of total disability required that Chauvin be unable to perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education, or experience.

After providing benefits to Chauvin for 24 months, UNUM conducted several evaluations, including a medical examination, on Chauvin. As a result of these evaluations, it was determined that Chauvin could perform a number of jobs. Therefore, on 17 December 1999, UNUM notified Chauvin that his benefits were being terminated. The notification letter explained why benefits were being terminated; identified seven occupations UNUM concluded Chauvin could perform, as well as work skills Chauvin possessed; and advised Chauvin that, within 90 days, he could submit a written request to UNUM's appeal department to have the decision reviewed. Following the appeal process, the benefits-termination was upheld.

Chauvin filed this action in state court; UNUM removed it to the district court. The district court granted in part and denied in part UNUM's summary judgment motion, and denied Chauvin's summary judgment motion. The court concluded that, although the

2

plan administrator did not abuse his discretion in denying Chauvin's claim for disability benefits, he failed to consider whether Chauvin qualified for partial disability benefits. Therefore, the district court retained jurisdiction pending the plan administrator's decision.

The plan administrator denied Chauvin's claim for partial disability benefits. After permitting Chauvin to amend his complaint, the district court considered UNUM's motion for reconsideration of the district court's earlier denial of the summary judgment motion.

In so doing, the district court concluded the plan administrator did not abuse its discretion in determining Chauvin did not meet the plan definition of "partially disabled", and was therefore not entitled to benefits. No authority need be cited for our reviewing *de novo* a summary judgment and for its being proper if there are no material fact issues and the movant is entitled to judgment as a matter of law.

Chauvin contends: the summary plan description (SPD) did not adequately inform him of his obligations in order to obtain partial disability benefits; the plan administrator did not adequately respond to his request for information concerning his eligibility for them; and the administrator failed in its duty to fully disclose the steps necessary for him to preserve his right to obtain them.

Pursuant to ERISA, a SPD must be furnished to plan beneficiaries; it must "be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan". 29 U.S.C. § 1022. Clear and unambiguous statements in the SPD for an ERISA plan are binding. *McCall v. Burlington Northern/Santa Fe. Co.*, 237 F.3d 506, 512 (5th Cir. 2000).

The SPD, which Chauvin received, includes the following definition of partial disability:

> "Partial disability" and "partially disabled" mean that because of injury or sickness you, while unable to perform all the material duties of his regular occupation on a full-time basis, are:
>
> 1. performing at least one of the material duties of your regular occupation or another occupation on a part-time or full-time basis; and
>
> 2. currently earning at least 20% less per month than your indexed pre-disability earnings due to that same injury or sickness.

The SPD also provides that, to be eligible for partial disability benefits, an employee must submit proof of partial disability within 31 days of the end of a period during which he received disability benefits. Chauvin does not dispute having received the SPD; instead, he contends he did not understand he would be required to work to receive current earnings. The pertinent

4

language of the SPD is clear; as quoted above, it states that, to be partially disabled, a beneficiary must be currently earning money performing at least one of his regular occupation material duties. UNUM fulfilled its obligation to inform Chauvin of his obligations under the plan regarding entitlement to partial disability benefits.

It is undisputed that Chauvin was *not* working and was receiving disability benefits until being notified on 17 December 1999 that those benefits were being terminated; it is also undisputed that he was not employed within 31 days of 17 December, as required by the plan for eligibility for partial disability benefits. Even so, Chauvin contends UNUM failed to adequately respond to his request for information concerning eligibility for disability benefits. Despite this contention, the administrative record includes no evidence that Chauvin made any inquiry after his total disability benefits were terminated and prior to the expiration of the 31 days thereafter. In short, the administrative record does not show that a timely request was made.

Finally, Chauvin contends UNUM breached its *fiduciary duty* under 29 U.S.C. § 1104 to provide complete and correct material information about the plan to Chauvin. This contention is raised for the first time on appeal. It is well-established that we will not review issues raised in that fashion. *See, e.g.,* **Priester v. Lowndes County**, 354 F.3d 414, 424 (5th Cir. 2004).

5

*AFFIRMED*